## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

**KARYAN SMITH AND BOBBY SMITH**          **CIVIL ACTION NO.:**

        **vs.**          **JUDGE:**

**AUTO-OWNERS INSURANCE COMPANY,**          **MAGISTRATE JUDGE:**
**CHEMCO HOLDINGS, INC., RONDON**
**CARRASQUEL**

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## NOTICE OF REMOVAL

**TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA:**

      **NOW INTO COURT**, through undersigned counsel, comes Defendants, Auto-Owners Insurance Company and Chemco Holdings, Inc., who, with the consent of Rondon Carrasquel ("Defendants"), respectfully removes this action from the Civil District Court for the Parish of Orleans, State of Louisiana, to the United States District Court for the Eastern District of Louisiana, pursuant to 28 U.S.C. § 1446. In support of removal, Defendants respectfully aver:

### I.     The State Court Action

1.   Defendants have been named in the above-captioned civil matter in the Civil District Court for the Parish of Orleans, State of Louisiana, titled *Karyan Smith and Bobby Smith vs. Auto-Owners Insurance Company, Chemco Holdings, Inc.*, *Rondon Carrasquel*, bearing the Suit Number 2022-07187 (the "State Court Action").

2.   The Plaintiffs requested service on all Defendants in their initial Petition for Damages, which they filed on August 11, 2022.[1]

---

[1] *See* Petition for Damages, contained in **Exhibit 1**.

3. Plaintiffs requested service of process of the Petition on all of the Defendants at the time of filing the Petition.

**II.     Removal Is Timely Under 28 U.S.C. § 1446.**

4. The law requires Defendants to remove this case within 30 days of service of process. *See* 28 U.S.C. § 1446(b)(2)(B) ("[e]ach defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons . . . to file the notice of removal.").

5. Defendant, Auto-Owners Insurance Company, was served on August 25, 2022. Therefore, removing this action on September 20, 2022, the 26th day after service of process upon the last-served defendant, is timely.

**III.     This case is removable because there is complete diversity of citizenship and the amount placed in controversy by Plaintiff exceeds this Court's threshold, pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1332.**

6. This Court has original jurisdiction under 28 U.S.C. § 1332 because – at the time of the filing of this lawsuit, as well as at the time of removal – there was/is complete diversity between the Plaintiffs and Defendants, and the face of Plaintiff's initial Petition for Damages and the information supplied in this Notice of Removal indicates that damages exceeding the $75,000.00 threshold are in controversy. Thus, this action may be removed to this Court under 28 U.S.C. § 1332, 28 U.S.C. § 1441, and 28 U.S.C. § 1446.

7. The forum state is Louisiana.

8. For the purposes of determining citizenship for diversity purposes, a natural person is deemed a citizen of the state of his or her domicile. *Mas v. Perry*, 489 F.3d 1396 (5th Cir. 1974).

9. Plaintiffs, natural persons, allege that they are residents of Louisiana.[2] Defendants have no reason to dispute that Louisiana is Plaintiffs' domicile and that they take Louisiana citizenship for diversity purposes.

10. A corporation is deemed a citizen of the state in which it is incorporated and the state of its principal place of business. 28 U.S.C. § 1332(c)(1). Because Defendant, Chemco Holdings, Inc. ("Chemco"), is a Michigan corporation with its principal place of business in Michigan, Chemco takes a Michigan citizenship for diversity purposes.

11. Defendant, Rondon Carrasquel, is a natural citizen of Maryland and takes a Maryland domicile for diversity purposes.

12. An insurance corporation is deemed a citizen of the state in which it is incorporated and the state of its principal place of business. 28 U.S.C. § 1332(c)(1). In actions in which the insured is not named as a defendant, the insurance corporation also takes the citizenship of the insured. 28 U.S.C. § 1332(c)(1)(A).[3] Here, because Plaintiff has named Chemco Holdings, Inc., the named insured, as a defendant, Auto-Owners Insurance Company ("Auto-Owners") will <u>not</u> take the citizenship of the insured pursuant to § 1332. Because Auto-Owners is a Michigan corporation, with its principal place of business in Michigan, Auto-Owners takes a Michigan citizenship for diversity purposes.

---

[2] *See* Plaintiff's Petition for Damages, contained in **Exhibit 1.**

[3] That statute provides, in pertinent part, as follows:

    (c)    For the purposes of this section and section 1441 of this title –

        (1)    a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business, except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, **to which action the insured is not joined as a party-defendant,** such insurer shall be deemed a citizen of –

        (A)    every State and foreign state of which the insured is a citizen…

(emphasis added)

13. Therefore, based on the above, complete diversity of citizenship exists between all of the Defendants (Michigan, Maryland and Michigan) and Plaintiffs (Louisiana). Therefore, removal is proper under the diversity of citizenship prong of § 1332.

14. Louisiana law does not permit plaintiffs to specifically plead an amount in controversy in a Petition for Damages; however, it does require Plaintiffs to specifically allege whether the federal amount in controversy is satisfied. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880 (5th Cir. 2000) (citing Louisiana Code of Civil Procedure article 893, which explicitly precludes alleging an amount in controversy, but **requires** plaintiffs to provide whether a federal amount in controversy is satisfied). Here, although Plaintiffs did not comply with C.C.P. article 893's requirement, clearly with the intention of avoiding this Court's jurisdictional threshold, removal is still proper under § 1332 because the facts alleged in Plaintiffs' Petition for Damages make it 'likely" – in addition to the additional facts provided in this Notice of Removal – that the amount in controversy for the two Plaintiffs, exclusive of interest and costs, exceeded this Court's $75,000.00 jurisdictional amount at the time the suit was filed. *Id.* Therefore, the burden is now on Plaintiffs to establish to a "legal certainty" that their alleged damages will not exceed $75,000.00. *Id.* at 883-84; *see also De Aguilar v. Boeing Co*., 47 F.3d 1404, 1412 (5th Cir. 1995).

15. The allegations contained in the initial Petition for Damages suggest that both Plaintiffs, Karyan Smith and Bobby Smith ("Plaintiffs"), claim damages exceeding this Court's jurisdictional threshold.[4] Plaintiffs claim that they each sustained myriad injuries, such as past and future physical pain and suffering, past and future mental pain and suffering, past and future loss of enjoyment of life, disability to the body, past and future medical

---

[4] *See* Plaintiff's Petition for Damages, contained in **Exhibit 1.**

expenses, loss of past and future earnings, loss of future earning capacity, loss of consortium, rental expenses, property damage, and loss of use and/or depreciation of vehicle together with legal interest. Louisiana jurisprudence suggests that general damages for alleged injuries similar to Plaintiffs' exceed $75,000.00. Therefore, the above in addition to the amount of alleged medical expenses and alleged lost wages each of the Plaintiffs have incurred to date, indicate that the amount in controversy requirement for each of the Plaintiffs is satisfied.

16. By claiming that the amount in controversy is satisfied, Defendants are not conceding Plaintiffs' entitlement to damages, or the amount thereof. Defendants contend that they are not liable for any of either of the Plaintiffs' alleged injuries. Defendants further aver that Plaintiffs are not entitled to any damages, much less damages in excess of $75,000.00. However, Louisiana damage awards for injuries claimed by Plaintiffs, especially with medical treatment that Plaintiffs will no doubt claim in this case (*i.e.* consistent treatment, treatment with specialists, surgeries, radiofrequency ablations, etc.), exceed this Court's jurisdictional threshold sufficient to permit removal.

**IV.    Defendants Have Satisfied The Procedural Requirements for Removal.**

17. Defendants file this Notice of Removal without waiving any objections, exceptions, and defenses to Plaintiffs' Petition for Damages.

18. This Court embraces the Civil District Court for the Parish of Orleans, the locality from which this case is being removed.

19. Defendants submit herewith the sum of $402 to the Clerk of the United States District Court for the Eastern District of Louisiana to satisfy the civil filing fee required by this Court.

20. Along with this Notice of Removal, and in accordance with 28 U.S.C. § 1446(a), Defendants file a copy of all process, pleadings, and orders served upon each defendant, which is attached hereto as **Exhibit 2.**

21. Defendants are also contemporaneously fling a Notice of Filing of Notice of Removal with the State Court, a copy of which is attached hereto as **Exhibit 3**.

22. If any question rises regarding the propriety of removal, Defendants respectfully request that they be provided the opportunity to present a brief and/or oral argument in support of removal, in addition to receiving the opportunity to conduct limited, jurisdictional discovery to Plaintiff.

    **WHEREFORE**, Defendants remove this action, pursuant to 28 U.S.C. § 1332, 28 U.S.C. § 1441, and 28 U.S.C. § 1446, from the Civil District Court for the Parish of Orleans, to this Court, this the 21st day of September 2022.

Respectfully Submitted,

**ADAMS AND REESE LLP**

_/s/ Christopher A. D'Amour_

**Christopher A. D'Amour (LBR# 26252)**
**Catherine N. Creed (LBR# 39851)**
Hancock Whitney Center
701 Poydras Street, Suite 4500
New Orleans, Louisiana 70139
Telephone:    (504) 585-0432
Facsimile:    (504) 566-0210
chris.d'amour@arlaw.com
cate.creed@arlaw.com
***Counsel for Defendants***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing *Notice of Removal* has been served on the below-listed Plaintiffs by electronic mail, this 20th day of September 2022:

**Plaintiffs, Karyan Smith**
**And Bobby Smith,**
*through their counsel of record*,
Edward J. Womac, Jr. (#02195)
Jeffrey C. Gasser (#38953)
3501 Canal Street
New Orleans, LA 70119
Telephone No. (504) 486-9999
Facsimile No. (504) 488-4178
jgasser@edwardwomac.com

*/s/Christopher A. D'Amour*
**Christopher A. D'Amour**
